a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ERICH IVAN CROFT #10474-273, Petitioner | CIVIL DOCKET NO. 1:25-CV-00614 SEC P |
| VERSUS | JUDGE EDWARDS |
| WARDEN U S P POLLOCK, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Erich Ivan Croft ("Croft"). Croft is imprisoned at the United States Penitentiary in Pollock, Louisiana. He challenges the computation of his sentence by the Bureau of Prisons ("BOP").

Because Croft failed to exhaust administrative remedies, the Petition should be DISMISSED WITHOUT PREJUDICE.

## I. Background

Croft was convicted in the United States District Court for the District of South Dakota, and sentenced to consecutive 120-month terms of imprisonment, for a total of 240 months. *See United States v. Croft*, 5:08-cr-50136 (D.S.D. 2010). Croft alleges that the BOP miscalculated the length of his sentence by failing to credit him with prior custody credit.

Croft was ordered to amend his Petition to demonstrate that he exhausted the BOP's administrative remedy process. ECF No. 9. In response, Croft alleges that he

filed "at least one BP-8, BP-9, BP-10, and BP-11" (ECF No. 10 at 2), but does not have copies of all documents.

After the Petition was served, the Government responded with evidence that Croft failed to exhaust administrative remedies, and that he received the credit for the time requested. ECF No. 23.[1] Croft did not submit a reply.

## II. Law and Analysis

A petitioner seeking relief under § 2241 must first exhaust administrative remedies through the BOP's four-step process. *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief). First, a prisoner must attempt to informally resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy to the warden. *See* 28 C.F.R. § 542.14. If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director. *See* 28 C.F.R. 542.15. If still unsatisfied, the prisoner may file a national appeal to the Office of General Counsel as the final step in the administrative appeal process. *Id.* Only after exhausting these available administrative remedies may an inmate seek relief through a § 2241 petition. *See Gabor*, 905 F.2d at 78 n. 2.

[1] The Government also submitted evidence indicating that the Bureau of Prisons has already credited Petitioner with the prior custody credit he seeks. *See* ECF No. 23 at 3; ECF No. 23-1 at 85-88. Because the Petition should be dismissed for failure to exhaust administrative remedies, the Court does not reach the merits of that alternative argument.

The exhaustion requirement applies to the computation of sentences. *See, e.g., Gabor*, 905 F.2d at 78 n. 2; *see also Rodriguez v. Lamar*, 60 F.3d 745, 747 (11th Cir. 1995). "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Williams v. Willis*, 765 F. App'x 83, 83-84 (5th Cir. 2019) (citations omitted); *see also Conwell v. Bureau of Prisons*, 41 F.3d 664 (5th Cir. 1994); *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). And exceptions apply only in "extraordinary circumstances." *Fuller v. Rich*, 11 F.3d 61 (5th Cir. 1994). Finally, the petitioner has the burden of demonstrating that an exception to the exhaustion requirement applies. *See id.*

The Government asserts that Croft filed seven BP-9s at the institutional level concerning his time credits. ECF No. 23 at 5; ECF No. 23-1 at 71-83. However, Croft only filed a single BP-10 at the regional level. *See id.* This submission was returned to Croft with instructions to comply with the filing requirements and submit a legible BP-10. *Id.* Croft did not resubmit the BP-10, and did not file a BP-11 at the central office level. *Id.* Therefore, Croft did not properly exhaust.

Croft does not allege that he should be exempt from the exhaustion requirement. Accordingly, because Croft failed to exhaust his available administrative remedies, the Petition should be dismissed without prejudice.

## III. Conclusion

Because Croft failed to exhaust administrative remedies, IT IS RECOMMENDED that the Petition (ECF No. 4) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, July 13, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE